In the Matter of CATHERINE B. FAHNESTOCK et al., on Behalf of Themselves and All Other Residents of the State of New York Similarly Situated, et al., Appellants, *v.* OFFICE OF GENERAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.

Third Department, October 29, 1965.

*Casey, Lane & Mittendorf* (*Samuel M. Lane* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Emil Woldar* and *Ruth Kessler Toch* of counsel), for Office of General Services and others, respondents.

*Robert C. Meade, Town Attorney* (*Arthur W. Block* of counsel), for Town of North Hempstead, respondent.

Hamm, J. This is an appeal from a judgment dismissing the petition in an article 78 proceeding.

The appellants are seeking to prevent the construction of a municipal incinerator plant on lands in Hempstead Harbor which the Town of North Hempstead claimed to own. By an act effective April 14, 1962, the Office of General Services in the Executive Department was authorized and empowered to grant to the town title to lands under water in the harbor (L. 1962, ch. 508). In October of 1962 letters patent granting the land described in chapter 508 were issued and in November of 1962 duly recorded. This article 78 proceeding was instituted on February 28, 1963, to annul the grant. During the course of the proceeding and prior to decision the Legislature " ratified and confirmed as within the intent and purpose " of chapter 508 the conveyance made pursuant to that chapter, reciting that it had been intended " by said act to quiet title to the said land under water " (L. 1963, ch. 834). The Town Board from the beginning proposed and planned that the incinerator plant was to be built on a specified parcel and 52 acres of land under water abutting on that upland parcel. Prior to the passage of the 1962 legislation a suit had been instituted against the town seeking to enjoin construction of the facility on the ground, among other grounds, that the title to the land under water comprising the 52 acres was at best in doubt and that to build upon such land would constitute waste. (*Olin* v. *Town of North Hempstead,* 34 Misc 2d 853, affd. 18 A D 2d 831, affd. 13 N Y 2d 782; see, also, 23 A D 2d 823.) Obviously quieting title to the land under water was for the purpose of enabling the town to proceed with construction.

The appellants contend that the act of 1962 was ineffective to authorize the conveyance and that the act of 1963 was ineffective to ratify it, because the grant was " not for a proper public purpose." However, it cannot be disputed that it was the town's intention and purpose to erect an incinerator on the upland parcel and the 52 acres of land under water specified. The appellants argue also that the grant and the statutes respectively authorizing and ratifying it were, assuming the grant to be otherwise unobjectionable, " too extensive ". The grant of land under water conveyed substantially more than 52 acres. But a grant of land to a municipality is impliedly for a public purpose and such implication is a limitation on the municipality for other than such use. It is argued that the grant enables the municipality " to put the underwater lands to a use which violates the public trust ". It has not been shown that any such violation is intended and, should it be attempted, parties aggrieved may then have recourse to suitable remedy.

We agree with Special Term insofar as the petition was dismissed on the merits.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment affirmed, without costs.